**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARROLL W. LEWIS, JR.,

      Plaintiff - Appellant/
      Cross - Appellee,

      v.

THE BOARD OF COUNTY
COMMISSIONERS OF SEDGWICK
COUNTY, KANSAS,

      Defendant - Appellee/
      Cross - Appellant.

Nos. 01-3158 & 01-3172

(D. Kansas)

(D.C. No. 97-CV-1483-WEB)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

---

Carroll Lewis, Jr. appeals the district court's grant of judgment as a matter

of law for defendant Sedgwick County in this 42 U.S.C. § 1983 action which

resulted in a $500,000 jury award for Lewis.  Sedgwick County cross-appeals the

district court's alternative ruling that, should its grant of judgment for Sedgwick

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

County be vacated, the court would grant Sedgwick County's motion for a new trial as to damages alone, not as to liability. It also cross-appeals the district court's determination that each party was to bear its own costs rather than awarding costs to Sedgwick County as the prevailing party. We affirm the district court's grant of judgment as a matter of law for Sedgwick County, dismiss as moot Sedgwick County's cross-appeal relating to its motion for a new trial, and remand to the district court for reconsideration of its award of costs.

The parties do not dispute the basic material facts of this case, which the district court thoroughly described. Lewis v. Bd. of Sedgwick County Comm'rs, 140 F. Supp. 2d 1125, 1128-31 (D. Kan. 2001). Briefly, Lewis, while stationed as a tanker refueller at McConnell Air Force Base near Wichita, Kansas, was arrested late on the night of November 3, 1996, on suspicion of criminal damage to property and domestic violence, following an incident in which he kicked in the door of his girlfriend's house. He was booked into the Sedgwick County Adult Detention Facility and placed in a holding cell. He testified he was told that he should tap on the window of the holding cell and wave if he needed anything.

Early the next morning, on November 4, 1996, he tapped on the glass, inquired as to when he would be released, and was then taken to an isolation cell where he was directed to remove his shoes and jacket. He testified that he was

then essentially attacked by up to eight detention facility personnel who "pulled on Mr. Lewis' arms, repeatedly struck him, pulled on his neck, stood on his back and ankles, and finally lifted him by his handcuffs and restrained him in a restraint chair." Appellant's Br. at 4-5. The officers' testimony was, predictably, different, essentially describing Lewis as combative and uncooperative, necessitating a struggle to subdue him. Lewis testified that this encounter caused him pain in his back, neck, wrists and hands, and that his back, in particular, worsened over the years. As the district court noted, although Lewis produced some of his Air Force medical records, he introduced no medical testimony concerning his injuries. Lewis was eventually discharged from the Air Force with disability pay.

Lewis brought this action under 42 U.S.C. § 1983, alleging that the Sedgwick County detention facility officers violated his constitutional rights by using excessive force against him while he was in custody. After dropping his claims against the individual officers, he pursued his claim only against Sedgwick County, arguing it was liable for the alleged violation because it had a custom and policy of failing adequately to train, supervise or discipline its detention officers regarding the use of excessive force.

The claim was tried before a jury. Sedgwick County moved for judgment as a matter of law at the close of Lewis' case and again after all evidence had

been submitted. The court took the latter motion under advisement and submitted the case to the jury. The jury returned a verdict for Lewis for $500,000, twice what he sought. Sedgwick County renewed its motion for judgment as a matter of law and additionally filed a motion for a new trial.

The district court issued a lengthy and carefully reasoned opinion granting Sedgwick County's motion for judgment as a matter of law. <u>Lewis</u>, 140 F. Supp. 2d at 1131-39. It then also held that, in the event its decision granting judgment for Sedgwick County was vacated, it would find the $500,000 award for Lewis excessive, and would grant a new trial on damages. The court also directed "each party to bear its own costs." <u>Id.</u> at 1141.

"We review de novo a district court's grant of a motion for judgment as a matter of law, applying the same standard utilized by the district court." <u>Bangert Bros. Constr. Co., Inc. v. Kiewit W. Co.</u>, 310 F.3d 1278, 1285-86 (10th Cir. 2002). "Judgment as a matter of law is appropriate only '[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" <u>Id.</u> at 1286 (quoting Fed. R. Civ. P. 50(a)(1)). When we review the record, we "will not weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." <u>Brown v. Gray</u>, 227 F.3d 1278, 1285 (10th Cir. 2000) (quotation

-4-

omitted). Further, "[w]e consider the evidence, and any inferences drawn therefrom, in favor of the non-moving party." Id.

As the district court also correctly noted, in order to find the County liable for failing to adequately train its police officers in the use of force, Lewis would have to establish the following:

> (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situation with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city toward persons with whom the police officers come into contact; and (4) there is a direct causal link between the constitutional deprivation and the inadequate training.

Id. at 1286; see also Allen v. Muskogee , 119 F.3d 837, 841-42 (10th Cir. 1997). The district court held that, while the evidence presented at trial was sufficient to support the jury's verdict on the first two elements, it was insufficient to support the jury's verdict on the third and fourth elements. We agree, for substantially the reasons set forth in the district court's thorough opinion on the matter. Lewis , 140 F. Supp. 2d at 1131-39. [1]

---

[1]We further conclude that the district court did not commit plain error in excluding the investigation files regarding prior complaints of excessive force, which were investigated by then Lieutenant Bardezbain. We first note that Lewis fails to direct us to where the record reflects his proffer of these files and the district court's rejection of them. We therefore do not know why the court disallowed them. The fact that there had been "22 complaints of excessive force . . . made by detainees between 1995 and 1997, out of approximately 90,000 detainees who went through the facility" was part of the evidence before the jury.

(continued...)

Because we have upheld the district court's grant of judgment to Sedgwick County, the County's motion for a new trial is moot. We do address, however, Sedgwick County's argument that the district court erred in awarding costs to each party, instead of awarding costs to the County as the prevailing party.

Fed. R. Civ. P. 54(d)(1) provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." We have acknowledged that "[t]he allowance or disallowance of costs to a prevailing party is within the sound discretion of the district court." Zeran v. Diamond Broad., Inc., 203 F.3d 714, 722 (10th Cir. 2000). That discretion is, however, limited in two respects: "First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party. Second, the district court must provide a valid reason for not awarding costs." Id. (citations and quotations omitted). In this case, the district court provided no explanation for its denial of costs to the County, the prevailing party once the court granted judgment for it as a matter of law. We accordingly remand this matter for the limited purpose of permitting the district court to reexamine its award of costs and, if it denies costs to the County as the prevailing party, to explain its denial.

---

[1](...continued)
Lewis, 140 F. Supp. 2d at 1138 n.6. Any error in the exclusion of the files did not affect "substantial rights" and "the fairness, integrity or public reputation" of the proceeding. United States v. Lott, 310 F.3d 1231, 1241 (10th Cir. 2002).

-6-

Of course, by this remand, we do not intend to intimate that any particular resolution of the matter is preferred over another.

For the foregoing reasons, the district court's entry of judgment as a matter of law for Sedgwick County is AFFIRMED, and the matter is REMANDED for reconsideration of its award of costs.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge